OVERTON, Justice.
This is a petition for certiorari to review a decision of the Fourth District Court of Appeal, reported at 376 So.2d 426 (Fla. 4th DCA 1979). We find conflict with our recent decision in District School Board v. Talmadge, 381 So.2d 698 (Fla.1980). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution (1972), and quash.
We remand to the district court for reconsideration in view of our recent decision in Talmadge and the application of chapter 80-271, Laws of Florida, which amended section 768.28(9).[1]
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.

. Section 1 of chapter 80-271, Laws of Florida, amended section 768.28(9), Florida Statutes, to provide in part:
The exclusive remedy for injury or damages suffered as a result of any act, event or omission of any officer, employee, or agent of the state, or its subdivisions or constitutional officers, shall be by action against the governmental entity, or the head of such entity in his official capacity, or constitutional officer of which the officer, employee or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Section 4 of the act provides:
This act shall apply to all actions pending in the trial or appellate courts on the date this act shall take effect and to all actions thereafter initiated.